IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REBECCA CONNELL, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **Case No.: 5:25-CV-180-CAR** |
| | : | |
| CEDRIC L NELSON, *et al.*, | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER ON MOTION FOR PROTECTIVE ORDER

Currently before the Court is Plaintiff Rebecca Connell's Motion for a Protective Order under Fed. R. Civ. Proc. 26(c)(1), requesting the Court to prohibit the production of Plaintiff's gynecological records demanded by Defendants Berkshire Hathaway Homestate Insurance Company, Aiken Logistics, LLC, and Cedric Lorenzo Nelson ("Defendants") in their Rule 45 subpoena served on non-party Southern OB-GYN Associates, P.C. The Court ordered Defendants to respond, but they failed to do so.[1] As a result, the Motion is deemed unopposed. For the reasons explained below, the Court **GRANTS** Plaintiff's Motion [Doc. 29] and **ENTERS** a protective order for Plaintiff's OB-GYN records sought by the subpoena. Defendants are prohibited from obtaining the discovery demanded from Southern OB-GYN.

---

[1] Doc. 32.

Plaintiff Rebecca Connell filed this personal injury action alleging she suffered serious injuries after a tractor-trailer collided with the vehicle she occupied on March 31, 2023.[2] Specifically, Plaintiff claims she suffered lumbar spine injuries resulting in ongoing back pain requiring orthopedic and pain management treatment and a fractured tooth requiring oral and maxillofacial surgical intervention.[3] But she has not claimed the collision caused any pelvic or gynecological injuries.[4]

On April 28, 2026, Defendants Berkshire Hathaway Homestate Insurance Company, Aiken Logistics, LLC, and Cedric Lorenzo Nelson served non-party Southern OBGYN Associates, P.C. with a Rule 45 subpoena demanding the production of virtually all records pertaining to Plaintiff from April 24, 2016 to the present.[5] On May 8, 2026, Plaintiff filed her Motion for a Protective Order under Fed. R. Civ. Proc. 26(c)(1), requesting the Court to prohibit the production of Plaintiff's gynecological records demanded by Defendants. Subsequently, the Court ordered Defendants to respond to Plaintiff's Motion, but Defendants failed to do so.[6] As a result, the Motion is deemed unopposed.

---

[2] Doc. 1-2.

[3] Doc. 1-3; Doc. 29 at 1.

[4] *Id.*

[5] Doc. 29-1.

[6] Doc. 32.

Plaintiff contends the Court should grant a protective order under Rule 26(c)(1) because the subpoena seeks irrelevant and highly sensitive reproductive-health information and is not proportional to the needs of this case.[7] The Court agrees.

Under Rule 26(c)(1), a party may file a motion for a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"[8] A party seeking a protective order must show good cause justifying the need for a protective order by "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[9] And "[t]he district court must 'balance

---

[7] Although Plaintiff asks the Court to "quash the subpoena[,]" Plaintiff does not move under Fed. R. Civ. P. 45(d)(3) which authorizes motions to quash or modify non-party subpoenas. *See* Doc. 29 at 5. Instead, Plaintiff seeks a protective order under Rule 26(c)(1) forbidding Defendants from obtaining discovery regarding her OB-GYN records demanded by their subpoena. *Id.* Because Plaintiff seeks a protective order under Rule 26(c)(1), the Court will not determine whether Plaintiff has standing to challenge the subpoena under Rule 45. *See Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (holding parties had standing to move for a protective order under Rule 26(c) regarding nonparty subpoenas despite their limited standing to quash the subpoenas under Rule 45) (citing *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005)); *Williams v. City of Birmingham*, 323 F. Supp. 3d 1324, 1331 n.3 (N.D. Ala. 2018) ("[M]any courts also hold that, such standing questions aside, a party can challenge the scope of a Rule 45 subpoena by seeking a protective order under Rule 26(c), Fed. R. Civ. P. based on the party's own interests, such as keeping the scope of discovery reasonable, rather than on the interests of the non-party targeted by the subpoena.") (citations omitted); *Morrow v. Flowers Foods, Inc.*, No. 3:07-CV-617-MHT, 2008 WL 11511782, at *1 (M.D. Ala. May 28, 2008) (declining to determine whether standing existed to move to quash a subpoena under Rule 45, as the challenging party also moved for a protective order pursuant to Rule 26); *Sun Cap. Partners, Inc. v. Twin City Fire Ins. Co.*, 303 F.R.D. 673, 678 (S.D. Fla. 2014), *aff'd sub nom.*, No. 12-CV-81397-KAM, 2015 WL 11921411 (S.D. Fla. July 6, 2015) ("[U]nder Federal Rule of Civil Procedure 26(c), a party to a lawsuit may move the Court for entry of a protective order and challenge third-party subpoenas on the basis that they seek irrelevant information.") (citations omitted); *see also* Fed. R. Civ. P. 26(c)(1) ("A party . . . may move for a protective order in the court where the action is pending[.]").

[8] Fed. R. Civ. P. 26(c)(1).

[9] *Ekokotu v. Fed. Exp. Corp.*, 408 F. App'x 331, 336 (11th Cir. 2011) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)); Fed. R. Civ. P. 26(c)(1); *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985) ("Rule 26(c) articulates a single standard for ruling on a protective order motion, that of "good cause[.]"); *see also Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as precedent all rulings of the former Fifth Circuit issued prior to October 1, 1981).

3

the interests of those requesting the order.'"[10] "Rule 26(c) gives the district court discretionary power to fashion a protective order[,]" and "[t]he decision does not depend upon a legal privilege."[11]

Under Rule 26(b)(2)(C)(iii), "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that[] . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[12] The scope of discovery under a Rule 45 subpoena is the same as the scope of discovery under Rule 26(b)(1).[13] Rule 26(b)(1) provides "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[14]

---

[10] *Ekokotu*, 408 F. App'x at 336 (quoting *McCarthy v. Barnett Bank of Polk Cnty.*, 876 F.2d 89, 91 (11th Cir. 1989)); *Farnsworth*, 758 F.2d at 1547 (articulating the balancing of interests approach); *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001) (ruling the court must "balance the party's interest in obtaining access against the other party's interest in keeping the information confidential.").

[11] *Farnsworth*, 758 F.2d at 1548 (11th Cir. 1985); *see also Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").

[12] Fed. R. Civ. P. 26(b)(2)(C)(iii).

[13] *See Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020)) ("[T]he scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules.") (citing Fed. R. Civ. P. 26(b)(1); Advisory Committee Note to the 1970 Amendments to Rule 45); *see also Am. Fed. of State, County and Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011) ("Federal courts ... have treated the scope of discovery under a subpoena [a]s the same as the scope of discovery under Rule 26."); *Williams v. City of Birmingham*, 323 F. Supp. 3d 1324, 1329 (N.D. Ala. 2018) ("The scope of permissible discovery with respect to a Rule 45 subpoena is that which is set forth in [Federal Rule of Civil Procedure] 26(b)(1)[.]").

[14] Fed. R. Civ. P. 26(b)(1).

"Relevance in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'"[15] Rule 26 makes clear that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable."[16] Although the scope of discovery is broad, the discovery rules do not allow parties "to go on a fishing expedition" to obtain evidence to support their claims and defenses.[17]

Even relevant information is not discoverable if the information is not "proportional to the needs of the case." To determine the proportionality of a discovery request, the court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[18]

"Proportionality and relevance are conjoined concepts; the greater the relevance of the information at issue, the less likely its discovery will be found to be disproportionate."[19] In general, the party resisting discovery must "demonstrate that the

---

[15] *Akridge v. Alfa Mut. Ins. Co.*, 1 F.4th 1271, 1276 (11th Cir. 2021) (*Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[16] Fed. R. Civ. P. 26(b)(1).

[17] *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006).

[18] Fed. R. Civ. P. 26(b)(1).

[19] *B.T. by & through Jackson v. Battle*, No. 1:18-CV-00919-JPB, 2020 WL 7864336, at *7 (N.D. Ga. Dec. 31, 2020), *aff'd*, No. 21-10318, 2021 WL 4147087 (11th Cir. Sept. 13, 2021) (quoting *Runton v. Brookdale Senior Living, Inc.*, No. 17-60664-CIV, 2018 WL 1083493, at *6 (S.D. Fla. Feb. 27, 2018)) (cleaned up).

requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[20]

Although Plaintiff's medical records from her gynecologist(s) may be marginally relevant to her damages, Defendants' request for nearly a decade of her sensitive reproductive health records without any subject matter limitation is not proportional to the needs of the case and threatens Plaintiff with undue annoyance and/or embarrassment. The requested information is not important to the issue of damages because Plaintiff has not claimed the collision caused her to suffer gynecological (or pelvic injuries) or to seek gynecological treatment, and none of her alleged injuries involve gynecological conditions. Defendants neither oppose Plaintiff's Motion for Protective Order nor request the Court to narrow the subpoena as an alternative. Accordingly, the Court prohibits the production of Plaintiff's reproductive health records demanded by Defendants in their Rule 45 subpoena served on Southern OB-GYN.

---

[20] *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011) (quoting *Wagner v. Viacost.com*, No. 06-81113-CIV, 2007 WL 1879914, at *1 (S.D. Fla. June 29, 2007)).

## CONCLUSION

For the reasons explained above, the Court **GRANTS** Plaintiff's Motion [Doc. 29]

and **ENTERS** a protective order for Plaintiff's OB-GYN records sought by the subpoena.

Defendants are prohibiting from obtaining the discovery demanded from Southern OB-

GYN.

      **SO ORDERED,** this 17th day of July, 2026.

<div style="margin-left:40%">

S/ C. Ashley Royal      

C. ASHLEY ROYAL, SENIOR JUDGE

UNITED STATES DISTRICT COURT

</div>